UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| JONATHAN VILLEGAS-ESCOBAR,<br><br>              Plaintiff,<br><br>   vs.<br><br>ESTELA DERR, WARDEN;<br><br>              Defendant. | CIV. NO. 22-00341 LEK-WRP |

**ORDER DISMISSING, WITHOUT LEAVE TO AMEND,
<u>PETITION UNDER 28 U.S.C. § 2241 FOR A WRIT OF HABEAS CORPUS</u>**

Before the Court is pro se Petitioner Jonathan Villegas-Escobar's ("Petitioner" or "Villegas-Escobar") Petition Under 28 U.S.C. § 2241 for a Writ of Habeas Corpus, filed July 28, 2022 ("Petition"). [Dkt. no. 1.] On October 4, 2022, Respondent Estela Derr, Warden of the Federal Detention Center in Honolulu, Hawai`i ("Respondent" or "Warden Derr" and "FDC Honolulu"), filed her response to the Petition ("Response"). [Dkt. no. 6.] Villegas-Escobar filed his reply on October 14, 2022. [Dkt. no. 7.] The Court finds this matter suitable for disposition without a hearing pursuant to Rule LR7.1(c) of the Local Rules of Practice for the United States District Court for the District of Hawaii ("Local Rules"). Villegas-Escobar's Petition is hereby dismissed, without leave to amend, for the reasons set forth below.

BACKGROUND

On December 12, 2017, Villegas-Escobar was sentenced in the United States District Court for the Western District of Missouri to: 1) a total sentence of 211 months imprisonment for possession of a machine gun, in violation of 18 U.S.C. §§ 922(o) and 924(a)(2), conspiracy to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A), and knowingly carrying and using a firearm in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A); and 2) five years of supervised release.  See United States v. Villegas-Escobar, 4:15-CR-00387-GAF(1) (W.D. Miss.) ("Missouri Case"), Judgment in a Criminal Case, filed 12/12/17 (dkt. no. 116) ("Judgment"), at 1-3.  Villegas-Escobar is currently serving his term of imprisonment at FDC Honolulu, and his projected release date is January 27, 2031.  See Federal Bureau of Prisons ("BOP"), Find an inmate, https://www.bop.gov/inmateloc/ (last visited Aug. 26, 2023).

Villegas-Escobar states he is owed at least eight and a half days, but up to thirty-six months, of good conduct time credits to be applied to his projected release date because of various issues that arose after his involvement in an incident at FDC Honolulu.  See PageID.12.  Villegas-Escobar was part of a July 12, 2021 incident involving twelve or more persons.  Due to his involvement in the altercation, he was removed from his unit

and placed in the Special Housing Unit. On July 13, 2021, Villegas-Escobar received an Administration Detention Order. See id. at PageID.5. An Incident Report was completed on September 2, 2021. See Response, Decl. of Kris Robl ("Robl Decl."), Exh. E.[1] On September 6, 2021, a disciplinary hearing was conducted, and the DHO found that Villegas-Escobar participated in the altercation, "commit[ting] the prohibited act of Fighting with Another Person," and the DHO recommended that Villegas-Escobar forfeit seven days of good time credits. See id., Exh. G (Discipline Hearing Officer Report, dated 9/12/21 ("DHO Report")) at 2. Villegas-Escobar states that, on September 6, 2021, he requested a copy of the DHO Report and, after multiple attempts and communications, he received the DHO Report on February 17, 2022. See Petition at PageID.5. Because he thought the DHO Report did not contain pertinent information (or contained information that was false), Villegas-Escobar sent a BP-10 administrative appeal packet to the Western Regional Office on March 27, 2022. See id.

On May 5, 2022 Villegas-Escobar was informed that his BP-10 packet was not received by the BOP Western Regional Office. In response, Villegas-Escobar informed the Warden about the situation, requested another BP-10 appeal form from Robl,

---

[1] Kris Robl ("Robl") is a FDC Honolulu Unit Manager. [Robl Decl. at ¶ 2.]

and mailed another BP-10 packet to the regional office on May 10, 2022. The packet was received by the Western Regional Office on May 16, 2022. Villegas-Escobar states, however, that the June 15, 2022 rejection notice for the second BP-10 appeal incorrectly put the date that the BP-10 packet was received as June 15, 2022 rather than May 16, 2022. The Warden's office received the response to the BP-10 appeal on July 14, 2022. See id. Villegas-Escobar states he completed and submitted a BP-11 appeal packet on July 16, 2022, and it was rejected on August 19, 2022. Villegas-Escobar received the rejection of his BP-11 appeal on September 3, 2022. See Reply at PageID.84.

The Petition raises three grounds: (1) Villegas-Escobar's procedural rights were violated because the incident report contains conflicting information, the DHO Report is not accurate, and the DHO Report was not provided to Villegas-Escobar until seven months after the incident; [Petition at PageID.5;] (2) the Western Regional Director and the General Counsel erred in rejecting Villegas-Escobar's BP-10 appeal because they did not read the entire BP-10 packet and did not acknowledge the correct delivery date of the second BP-10 packet; [id. at PageID.7;] and (3) the DHO falsified information in the DHO Report and the administrative remedy process was flawed, subjecting Villegas-Escobar to cruel and unusual punishment, [id. at PageID.9]. Villegas-Escobar states he has

4

exhausted his administrative remedies.  See id. at PageID.4, 6, 8.  Warden Derr argues the Petition must be dismissed because Villegas-Escobar failed to exhaust his administrative remedies and exhaustion is not futile.  See Response at 4-8.

## STANDARD

> "Review of the execution of a sentence may be had through petition for a writ of habeas corpus under 28 U.S.C. § 2241." United States v. Giddings, 740 F.2d 770, 772 (9th Cir. 1984). Section 2241 allows "the Supreme Court, any justice thereof, the district courts and any circuit judge" to grant writs of habeas corpus "within their respective jurisdictions." 28 U.S.C. § 2241(a).  A district court must "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto."  28 U.S.C. § 2243.

Yanagihara v. Derr, Civil No. 22-00145 JAO-RT, 2023 WL 2163685, at *3 (D. Hawai`i Feb. 22, 2023).  "In particular, a petitioner may challenge computation of a prisoner's sentence by prison officials via a section 2241 petition." Walsh v. Boncher, No. 22-cv-11197-DLC, 2023 WL 363591, at *2 (D. Mass. Jan. 23, 2023) (citation and internal quotation marks omitted).

## DISCUSSION

"Federal prisoners are required to exhaust their federal administrative remedies prior to bringing a petition for a writ of habeas corpus in federal court." Martinez v. Roberts, 804 F.2d 570, 571 (9th Cir. 1986) (per curiam) (citations

5

omitted). But, because § 2241 does not statutorily require exhaustion, federal courts "have discretion to waive the exhaustion requirement when it is prudentially required . . . ." Laing v. Ashcroft, 370 F.3d 994, 998 (9th Cir. 2004) (citations omitted). "[A] court may waive the prudential exhaustion requirement if 'administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void.'" Hernandez v. Sessions, 872 F.3d 976, 988 (9th Cir. 2017) (quoting Laing v. Ashcroft, 370 F.3d 994, 1000 (9th Cir. 2004)).

Warden Derr outlines the BOP administrative grievance process as follows:

> BOP's Administrative Remedy Program has four levels. See 28 C.F.R. § 542.10-.19. [Villegas-Escobar] has a handbook outlining this process for him. See Robl Decl. ¶ 4. First, an inmate must try to resolve the issue informally with Unit Team staff, using the BP-8 form. 28 C.F.R. § 542.13(a). If informal resolution is unsuccessful, the inmate may submit an administrative remedy request to the Warden using the BP-9 Form. Id. §§ 542.13(a), 542.14. If unsatisfied with the Warden's response, the inmate may appeal to the Regional Director using the BP-10 Form. Id. § 542.15. Finally, if unsatisfied with the Regional Director's response, the inmate may appeal to the General Counsel using the BP-11 Form. Id. An inmate properly exhausts available remedies by appealing through to the General Counsel. See id.; see also Vega v. United States, 881 F.3d 1146, 1154 (9th Cir. 2018).

6

[Response at 5-6.]

Here, Villegas-Escobar failed to exhaust his administrative remedies. Although he filed BP-10 and BP-11 appeals, he failed to address the deficiencies with those requests. Villegas-Escobar's BP-10 was rejected because it was not filed within twenty days of receiving the DHO Report. See Robl Decl. at ¶ 8; see also id., Exh. B at PageID.51 (Rejection Notice – Administrative Remedy, dated 6/15/22). Villegas-Escobar was instructed to "provide staff verification stating reason untimely filing was not [his] fault." [Robl Decl., Exh. B at PageID.51 (emphasis omitted).] "There is no other record of any attempts by Mr. Villegas-Escobar to re-submit his DHO appeal with proper justification for the delay." [Robl Decl. at ¶ 8.] Villegas-Escobar states he did not receive the DHO Report until February 17, 2022. See Petition at PageID.5.

Although it appears from the documents submitted that Villegas-Escobar made numerous inquiries requesting a copy of the DHO Report and was finally provided a copy about five months after the DHO Report was completed, see e.g., Reply, Exhs. A-3 to A-4 (emails from Villegas-Escobar to Robl and/or "Ms. Shigeyasu" from 12/22/21 to 2/17/22), Villegas-Escobar did not resubmit his BP-10 packet with the justification for the untimely submission. Rather, Villegas-Escobar argues the administrative remedy process "was frustrated by BOP at all

7

levels and made unavailable." [Reply at PageID.84.] But, instead of resubmitting his BP-10 packet with the justification for the untimely submission, Villegas-Escobar filed a BP-11 appeal. See id. (Villegas-Escobar stating he filed BP-11 after receiving rejection of his BP-10). The BP-11 was rejected because he did not follow the instructions of the prior BP-10 rejection. See id., Exh. D-1 (Rejection Notice – Administrative Remedy, dated 8/19/22) ("Concur with rationale of regional office and/or institution for rejection. Follow directions provided on prior rejection notices."). Because Villegas-Escobar attempted to proceed to the next step in the administrative remedy process without resubmitting his BP-10 packet as instructed, this Court concludes that Villegas-Escobar failed to exhaust his administrative remedies. His Petition must be dismissed unless this Court waives the exhaustion requirement.

     The Court concludes that a waiver of the exhaustion requirement is not warranted in the instant case. Because Villegas-Escobar has a projected release date of January 27, 2031, he has sufficient time to pursue administrative remedies. In other words, it would not be futile for Villegas-Escobar to pursue relief through the administrative remedy process. If the Court waived the exhaustion requirement in the instant case, it "would encourage the deliberate bypass of the administrative

scheme" by allowing petitioners to forego the administrative remedies process despite having adequate time to participate in the process. See Hernandez, 872 F.3d at 988 (citation omitted). Even assuming that a mistake was made regarding the forfeiture of some of Villegas-Escobar's good time credits, "administrative review is likely to allow the agency to correct its own mistake[] and to preclude the need for judicial review." See id. (citation omitted). Accordingly, because Villegas-Escobar failed to exhaust his administrative remedies, the Petition must be dismissed. The dismissal, however, is without leave to amended in the instant case, but it is also without prejudice to the filing of a new § 2241 petition after he has exhausted his administrative remedies. See id. ("If a petitioner fails to exhaust prudentially required administrative remedies, then a district court ordinarily should . . . dismiss the petition without prejudice . . . until the petitioner has exhausted remedies." (citation and internal quotation marks omitted)). In other words, Villegas-Escobar will not be allowed to file an amended Petition in the instant case, and the instant case will be closed, but he may choose to file a new § 2241 petition, if he can show either that he has exhausted his administrative remedies or that there are new circumstances which warrant the waiver of the exhaustion requirement.

**CONCLUSION**

On the basis of the foregoing, Villegas-Escobar's Petition Under 28 U.S.C. § 2241 for a Writ of Habeas Corpus, filed July 28, 2022, is DISMISSED WITHOUT LEAVE TO AMEND because Villegas-Escobar failed to exhaust his administrative remedies. The Clerk's Office is DIRECTED to enter judgment and close the case on **September 13, 2023,** unless Villegas-Escobar files a timely motion for reconsideration of this Order.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, August 29, 2023.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**JONATHAN VILLEGAS-ESCOBAR VS. ESTELA DERR, WARDEN; CV 22-00341 LEK-WRP; ORDER DISMISSING, WITHOUT LEAVE TO AMEND, PETITION UNDER 28 U.S.C. § 2241 FOR A WRIT OF HABEAS CORPUS**